By the Court.
This was an application by the utility for a modified order of the public utilities commission, seeking its approval of a new schedule of rates. The utility filed its application with the commission, representing that “by reason of many changes in the conditions under which it furnishes its service and because of the extremely heavy traffic, the number of calls per telephone station, the quality of the service required by the public, and the large expenditures to provide extensions and additions to plant since the date of the last order,” which largely increased the capital charges of the company, a new schedule of rates became necessary, and it sought the approval of such schedule.
The city filed its protest against the increase. Hearing was had, and the commission made the following finding: “The Commission having, in the original hearing of said cause, made complete appraisal of *560 the company’s property, and the same having been sustained by the Supreme Court in an appeal taken to that court from the decision of the Commission, a determination of the value of the property, used and useful in the rendering of service to the public, was not difficult for the purpose of our guidance and finding on the present application for rate-making purposes; the all-important question left, being, ‘What rate of return should the company be allowed to earn upon the value found to be devoted to the public use in rendering service thereto?’ After a thorough investigation of the additions and betterments to the property of the company since the last appraisal, the Commission finds the total reproduction value of said property, as of December 31,1919, to be $1,075,721.17 and that, from January 1, 1920, to August 31,1921, net additions of $217,870.14 have been provided, and that the present value of the property, as of August 3.1,1921, is $1,146,021.09, the said present values being the amount upon which we find the company is now entitled to earn a fair rate of return.”
It will be observed that under this finding the present value of the utility was found to be $1,146,-021.09, as of August 31, 1921. After deducting expenses and five per cent, depreciation, the commission found that there was left a balance of $72,940.95 for interest and dividends, which, under its present schedule, gave “the company a rate of return of only six and four-tenths per cent.;” and that the estb mated increase in annual revenue, after deducting one and two-tenths per cent, excise tax, if such increase were granted, would allow the company ten and seven-tenths per cent, net return. It is true *561 that in its finding the commission stated that the service of the utility was equal to, if not the most efficient and satisfactory of any telephone eompany in the country, and that the operating expenses could not be materially reduced and still maintain its high degree of efficiency.
Were it true that the public utilities commission had granted the increase in question, based solely upon the efficient management of the company by its officers, we would not hesitate to declare that such a basis of rate-making alone would be unlawful within the purview of our statute. Certainly ‘ ‘ economical and efficient administration” is one of the factors to be considered in the fixing of rates, and is an element generally recognized by state commissions. Otherwise a utility might rest upon the assumption that an increase should be awarded, even though the commission should find that by elimination of waste and efficient management lesser rates would be justified. Efficiency of administration was not adopted by the commission as a sole basis for modifying its former schedule, of rates, as is shown by the following finding:
“Coming now to consider the application of the company for approval of the schedule of rates sought to be allowed, and the protest of the city of Lima, and having considered the efficiency and character of the service rendered, and having the value of the property of said company actually used and useful in furnishing telephonic service for the convenience of the public, and having taken into consideration the necessities of the company from the standpoint of an income adequate to attract new capital to meet the demands for extensions and additions to its *562 facilities, as well as contingencies, and all other matters which we deemed proper, the Commission finds :
“That the rates asked to be approved by the applicant company, as set forth in the schedule filed with the application, will produce such additional income for the company as to give it more than a proper rate of return upon its property devoted to the use of the public, and the return of ten and seven-tenths per cent, which would result from the adoption of the said proposed schedule as a whole, would make said proposed rate excessive and unreasonable, and that the company is entitled to a rate of return in excess of that now obtained by it from its present rates, and that the rate schedule proposed by the company, attached to its • application and marked P.U. C.O.No.l, 7th Revised Page No. 2, 1st Revised Page No. 2-A and 6th Revised Page No. 3, should be ap-' proved with the reductions listed below.” (Thereupon followed the detailed reductions made by the commission in the annual net rates for business and residence classes.)
After another hearing and investigation the public utilities commission modified its previous order by authorizing slight increases in certain classes of business and denying it in others. The action of the commission is certainly not unlawful, nor, so far as we are able to determine, unreasonable.
The commission has had rate schedules for this utility before it for determination on more than one occasion. From its findings no justifiable showing has been made that the schedule finally approved by it will.yield a greater rate of return than the company should be allowed to earn upon the value of the prop *563 erty devoted to public use in rendering its service to tbe public. Tbe order of tbe commission is affirmed.

Order affirmed.

Hough, Robinson, Jones and Matthias, JJ., concur.
Marshall, C. J., and Wanamaker, J., dissent.
Clark, J., took no part in tbe consideration or decision of tbe case.